**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KTM AG ) | | |
| Plaintiff ) | | Case No.: 20 C 6677 |
| ) | | |
| v. ) | | |
| ) | | Judge Martha M. Pacold |
| The Individuals, Corporations, ) | | |
| Limited Liability Companies, ) | | |
| Partnerships, and Unincorporated ) | | |
| Associations Identified on Schedule A ) | | |
| Defendants ) | | |

## ORDER

Plaintiff's motion to exceed page limitation [7] is granted. For the reasons set forth in plaintiff's motions [5], [8], the supporting memorandum [9] and the temporary restraining, Plaintiff's motions for leave to file under seal [5], for a temporary restraining order, including a temporary injunction, a temporary transfer of the defendant domain names, a temporary asset restraint, expedited discovery, and electronic service of process [8] are granted. Plaintiff's filings support proceeding (for the time being) on an ex parte basis. Specifically, were defendants to be informed of this proceeding before a TRO could issue, it is likely assets and websites would be redirected, thus defeating plaintiff's interests in identifying defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a substantial likelihood of success on the merits (including evidence of active infringement and sales into Illinois), the harm to plaintiff is irreparable, and an injunction is in the public interest. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendants. As other judges in this district have noted, there may be reason to question both the propriety of the joinder of all defendants in this one action and whether plaintiff genuinely intends to pursue an accounting (which plaintiff asserts as justification for an asset freeze), but at this preliminary stage, the court is persuaded that plaintiff has provided sufficient evidence of coordinated activity and the prospect of an accounting to justify the requested relief as to all defendants. Expedited discovery is warranted to identify defendants and to implement the asset freeze. If any defendant appears and objects, the court will revisit the asset freeze and joinder. Plaintiff shall deposit with the Clerk of Court ten thousand dollars ($10,000.00), either cash or surety bond, as security. Enter Sealed Temporary Restraining Order.

Dated: November 12, 2020          /s/ Judge Martha M. Pacold