IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG,<br><br>                Plaintiff,<br><br>vs.<br><br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br>                Defendants. | Case No. 20-cv-6677<br><br>Hon. Judge Martha M. Pacold |

**COMBINED MOTION OF RUIN PUJI CO., LTD. (d/b/a PUCKY) TO DISSOLVE-IN-PART TEMPORARY RESTRAINING ORDER AND UNFREEZE ASSETS, TO DISMISS UNDER FED. R. CIV. P. 12(b)(6), AND FOR RELEASE OF TRO BOND TO COMPENSATE FOR IMPROVIDENTLY-SOUGHT INJUNCTION**

    Nonparty (or possibly Defendant) Ruin Puji Co., Ltd. (d/b/a PUCKY on Amazon.com) ("Pucky") respectfully submits its combined motion as follows.[1] Pucky respectfully requests that the Court dissolve in part the Temporary Restraining Order, unfreeze Pucky's assets, dismiss under Fed. R. Civ. P. 12(b)(6) as to Pucky, and release the bond to compensate Pucky for an improvidently-sought injunction.

---

[1] The public cannot determine who is a defendant in this case. Exhibit A to the complaint contains a list, but it is filed under seal. The undersigned wrote to counsel for Plaintiff on November 26, 2020 asking for the sealed pleading materials (to be held in confidence), to determine movant's status in this case. After agreeing to Plaintiff's request that the undersigned identify the relevant Amazon store, Plaintiff still did not supply requested court-filed materials. The undersigned wrote again on November 29, 2020 asking for the same materials. As of this filing, Plaintiff still conceals the sealed portion of the court file from movant and from the public. It is therefore not possible to discern who is a defendant.

## BACKGROUND

1. Nonparty Pucky (or Defendant, see n.1) received notification from Amazon.com on or about November 24, 2020 that its selling page for one of its many products (a particular aftermarket carburetor, see Exhibit A) would be deactivated because of this Court's Temporary Restraining Order (ECF##24, 25, 27). Amazon.com also indicated that Pucky's entire seller's account is now frozen under that TRO, not just amounts tied to that single affected product. Amazon.com indicated that it would not hear any appeal of this decision, and encouraged contact directly with Plaintiff's counsel. (Exhibit B).

2. Pucky states the following facts to (1) demonstrate that "likelihood of success" against Pucky did not actually exist at the time the Plaintiff sought its TRO, and (2) establish that any attempt to amend the pleadings to re-allege trademark infringement in a way that would satisfy *Twombly / Iqbal* pleading standards would be futile, as it would require untrue factual allegations.

3. As is evident from the affected Amazon page (Exhibit A, showing the store for ASIN B0819QPFFM)[2], Pucky does not use any mark of another company in a manner that would confuse the public. It simply identifies what brand motorbikes can use its aftermarket carburetors.

4. Prominently in the title of the affected Amazon page, the item for sale is named as the "PUCKY PWK38 38mm PWK Carburetor." (Exhibit A). In further description in that title, the page states this aftermarket product is "for" certain brand products: namely, Keihin, KTM [Plaintiff] and Honda. (*Id.*). A further bullet point just below the title describes the product as "universal," and names brands the product "fits": Honda, Suzuki, Kawasaki, Yamaha, KTM [Plaintiff] and Quad.

---

[2] An ASIN is an Amazon Seller ID Number, and uniquely identifies a particular product sold on the Amazon.com platform.

5. No stylized mark of any other company is used, and no sponsorship is suggested. Since the page lists multiple compatible brands and the product is described as "universal," no reasonable party could plausibly allege that a consumer would be confused about the source of the listed Pucky product as coming from any different company, much less from Plaintiff KTM.

6. Pucky thus prominently uses its own mark ("PUCKY"), and engages in what the law calls "nominative fair use" to communicate to the public that its part would universally fit the products of certain brands. *See Dwyer Instruments, Inc. v. Sensocon, Inc.*, 873 F. Supp. 2d 1015, 1031-32 (N.D. Ind. 2012) (granting nominative fair use summary judgment); *Games Workshop, Ltd. v. Chapterhouse Studios, LLC*, No. 10 C 8103, 2013 U.S. Dist. LEXIS 171468, at *5 (N.D. Ill. Dec. 5, 2013) ("On the trademark claims the jury reasonably could find that it was fair use – 'nominative' fair use, in trademark lingo – for CHS to market certain of its products as compatible with or to be used with GW's game and products."). Factors that might hypothetically negate nominative fair use, such as eye-catching use of a highly-stylized mark in a manner that mis-suggests brand sponsorship, do not exist here. *See Nespresso USA, Inc. v. Afr. Am. Coffee Trading Co. LLC*, No. 15CV5553-LTS, 2016 U.S. Dist. LEXIS 71942, at *15-16 (S.D.N.Y. June 2, 2016).

7. The Complaint (ECF#1) contains numerous allegations about counterfeit goods supplied from China, and "tactics" of Chinese companies to target the United States and conceal their plans. The Complaint, however, does not specify a particular fact about a particular defendant that, if taken as true, plausibly alleges trademark infringement.

8. In particular, the Complaint (ECF#1) does not allege any fact or ground about Pucky that, if true, would lead to a conclusion of trademark infringement.

9. Count I purports to allege trademark infringement and counterfeiting under 15 U.S.C. § 1114, but states no facts or grounds when it alleges (¶ 28) that "Defendants" are

3

commercializing "products in connection with Plaintiff's Trademarks without Plaintiff's permission."

10. Count II purports to allege false designation of origin under 15 U.S.C. § 1125(a), but states no facts or grounds when it alleges (¶ 34) "Defendants'" various activities "have created and are creating a likelihood of confusion, mistake, and deception among the general public" as to approval of products by Plaintiff.

11. Count III purports to allege violation of Illinois prohibitions against deceptive trade practices, but states no facts or grounds when it alleges (¶ 39) that "Defendants" committed various "acts violating Illinois law" that create likelihood of confusion or misunderstanding among the public about affiliation, connection, association or sponsorship of products.

12. Nominative fair use is a test "to assess the likelihood of confusion, and thus the burden of proof remains with the plaintiff." *Blutooth Sig., Inc. v. FCA United States LLC*, 463 F. Supp. 3d 1169, 1187 (W.D. Wash. 2020) (holding that proposed substitute phrasings for referring to Bluetooth technology without using the mark "Bluetooth" did not negate fair use because "it would be impractical and ineffectual" to require different phrasings).

## ARGUMENT

### Dissolution of TRO and Asset Freeze

13. The Court should dissolve the TRO and asset freeze as to Pucky.

14. Under Federal Rule of Civil Procedure 65(b)(4), the party against whom a temporary restraining order has issued may move to dissolve or modify the order, and the court must then promptly hear and decide the motion. Fed. R. Civ. P. 65(b)(4). In seeking continued injunctive relief, the plaintiff has the burden of showing a right to the relief. *EPRO Servs., Inc. v. Regenesis Bioremediation Prods.*, No. 19-1220-EFM, 2019 U.S. Dist. LEXIS 146053, at *5 (D.

Kans. Aug. 28, 2019). The motion to dissolve may be granted when the temporary restraining order was improperly issued. *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004).

15. It should now be clear that Plaintiff is unable to show likelihood of success, which is an element every plaintiff must establish to receive emergency injunctive relief. (This argument is without waiver, of course, of other defenses that might exist by the time any answer is necessary, such as improper or insufficient service of process, or lack of personal jurisdiction, *etc.*).

16. As reflected above, Pucky has done nothing confusing as a matter of law with respect to Plaintiff's trademarks. Pucky sells an aftermarket product that is compatible with and/or interoperates with Plaintiff's products. There is nothing improper under the law to communicate this fact in a product listing, so long as this is done the way Pucky has: without use of stylized logos or eye-catching design that might incorrectly suggest sponsorship.

17. Plaintiff's allegations in its Complaint manifestly do not refer to Pucky, yet Pucky innocently got swept into the dragnet Plaintiff created. Plaintiff has and had no ground to seek emergency injunctive relief against Pucky. Therefore, the TRO and its asset freeze were wrongful and should be dissolved as to Pucky.

### Dismissal under Fed. R. Civ. P. 12(b)(6)

18. The Court should also, separately, dismiss the Complaint as to Pucky (if indeed Pucky is a Defendant, *see* n.1).

19. When deciding a motion to dismiss under Rule 12(b)(6), this Court accepts as true all factual allegations in the complaint and draws inferences in a light most favorable to the plaintiff. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 550, 555 (2007), (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

20. Certainly as to Pucky (if applicable, *see* n.1), the Complaint states solely "labels and conclusions, and a formulaic recitation of the elements of" trademark causes of action. The Complaint does not recite any "grounds" for relief against Pucky.

21. Nor could plaintiff have pleaded a viable cause of action against Pucky. As discussed above, Plaintiff cannot establish as a matter of pleading or proof that any act by Pucky to sell under ***its own brand name*** a product that is compatible with multiple other brands (including Plaintiff's) would have confused the public, especially since the underlying products are described as "for" other brands, and are named as "universal" aftermarket products. (Exhibit A).

**Release of Bond**

22. Finally, the Court should also authorize release of the bond for the lost sales by Pucky under the improvidently-sought injunction. This case was a misfire as to Pucky. Plantiff should not have sought a TRO against it.

23. "[T]here is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994); *see also* Fed. R. Civ. P. 65(c). This rebuttable presumption exists in order to "discourage[] parties from requesting

injunctions based on tenuous legal grounds" and ensures that "the party enjoined will usually recover damages," thereby compensating a wrongfully enjoined party for the injuries it suffered in not being able to engage in the activity it was wrongfully enjoined from carrying out." *Id*. at 1037.

24. Pucky intends to present evidence that, over the Black Friday shopping holiday, it has lost hundreds of dollars per day because of the injunction. Pucky respectfully requests a briefing schedule on the amount to be released. Because of the emergency nature of this overall motion, the delays in client communications because of time zone differences, the Thanksgiving holiday, and translation needs, it was not possible to assemble a prove-up in time for the present motion. However, upon the grant of this motion, Pucky will promptly submit its itemization of losses under the improperly-sought TRO.

\* \* \*

For the foregoing reasons, Ruin Puji Co., Ltd. ("Pucky") respectfully requests that the Court dissolve in part the Temporary Restraining Order, unfreeze Pucky's assets, dismiss under Fed. R. Civ. P. 12(b)(6) as to Pucky, and release the bond to compensate Pucky for an improvidently-sought injunction. A proposed order is being submitted contemporaneously herewith.

Dated: November 30, 2020

Respectfully submitted,
/s/ Robert P. Greenspoon
Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501

*Attorneys for Non-Party (possibly Defendant) Ruin Puji Co., Ltd*