IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　Defendants. | Case No. 20-cv-6677<br><br>Judge Martha M. Pacold |

**PLAINTIFF'S NOTICE OF FILING**

Plaintiff, KTM AG ("Plaintiff" or "KTM"), provides relevant caselaw concerning this matter below along with a recent law review article to provide this Court with a history of 'nominative fair use' in jurisdictions throughout the United States and to briefly distinguish the cases cited by Defendant.

<u>References Provided by Plaintiff</u>

*Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707 (N.D. Ill. 2014) -- in this trademark infringement suit, Judge Feinerman denied defendant's 12(b)(6) motion to dismiss on several grounds, including 'nominative fair use' and stated that the 7th Circuit has not addressed the nominative fair use defense and, like other circuits, has not recognized the approach of the 9th Circuit. See Section II of Judge Feinerman's opinion. (Exhibit A).

Christian Ferlan, *Is This Going to Be on the Test? Reconciling the Four-Way Circuit Split over Handling Nominative Fair Use*, 18 N.C.J.L. & Tech. On. 33, 34–35 (2016). (Exhibit B).

<u>The Cases cited by Defendant are Distinguishable</u>

Defendant cites *Dwyer Instruments, Inc. v. Sensocon, Inc.,* 873 F. Supp. 2d 1015, 1032 (N.D. Ind. 2012) to support its defense of 'nominative fair use.' However, even the court in *Dwyer* stated that "The Seventh Circuit has not ruled on the applicability of the nominative fair use defense, and has not referenced it even in the context of a defendant's use of a mark to describe the plaintiff's product. *Dwyer Instruments, Inc. v. Sensocon, Inc.*, 873 F. Supp. 2d 1015,

1030 (N.D. Ind. 2012). In *Dwyer Instruments*, the District Court for the Northern District of Indiana concluded that use of a registered mark followed by the word "alternative" for an air pressure gauge was not sufficient to avoid likelihood of confusion on summary judgment, in part, because it would remain unclear whether the registered owner was affiliated with or endorsing the alternative gauge as a compatible product. Additionally, the court in *Dwyer Instruments* was hearing a motion for summary judgment, as opposed to the present case where the Court is considering a motion to dismiss. These matters involve two separate standards of review by the Court.

      Defendant also cites *Games Workshop Ltd. v. Chapterhouse Studios, LLC*. However, *Games Workshop* does not stand for the proposition that Defendant claims. Rather, Judge Kennelly cited the factors set forth by the Ninth Circuit in determining whether 'nominative fair use' exists and then circumvented the issue by stating "These contentions involve disputed factual issues that preclude entry of summary judgment for either side on the nominative fair use defense." *Games Workshop Ltd. v. Chapterhouse Studios, LLC*, No. 10 C 8103, 2012 WL 5949105, at *18 (N.D. Ill. Nov. 27, 2012), on reconsideration in part, No. 10 C 8103, 2013 WL 1340559 (N.D. Ill. Apr. 1, 2013)

      It is also worthwhile noting that neither case cited by Defendant was reviewed by the 7th Circuit and both cases pre-date the above-referenced *Slep-Tone* decision cited by Plaintiff.

Dated: December 3, 2020

Respectfully submitted,

By:   s/Michael A. Hierl\
      Michael A. Hierl (Bar No. 3128021)\
      William B. Kalbac (Bar No. 6301771)\
      Hughes Socol Piers Resnick & Dym, Ltd.\
      Three First National Plaza\
      70 W. Madison Street, Suite 4000\
      Chicago, Illinois 60602\
      (312) 580-0100 Telephone\
      (312) 580-1994 Facsimile\
      mhierl@hsplegal.com

      Attorneys for Plaintiff\
      KTM AG

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Notice of Filing was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 3, 2020.

s/Michael A. Hierl