IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-cv-6677<br>)<br>) Judge Martha M. Pacold |
| The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, *et al.*, | )<br>) Magistrate Judge Jeffrey Cole<br>)<br>)<br>) |
| Defendants. | ) |

**Defendant Morriscarcam's Motion to Dismiss**

**NOW COMES** Defendant Morriscarcam ("Defendant" or "Morriscarcam"), by and through its attorneys at AU LLC, and files this Motion to Dismiss the Defendant Morriscarcam under Federal Rule of Civil Procedure 12(b)(6) and 20(a).

**I. Introduction**

This Court has made clear that it is not enough for Plaintiff to "simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." Estee Lauder Cosmetics Ltd. v. P'ships, et al., 334 F.R.D. 182, 187 (N.D. Ill. 2020) (J. Chang). Trademark infringement cases involving large numbers of e-commerce stores are common in this district, however what is uncommon is how the defendant "pool" is so cumbersomely purported to be interrelated and joinable, or the extent to which the Defendant's "use" of the Plaintiff's marks is so plainly fair; KTM has overreached. For the following reasons, Morriscarcam respectfully requests that this Court dismiss this case in its entirety under Rule 12(b)(6) or 21, alternatively sever all defendants or just Morriscarcam.

**II. Procedural Background**

On November 10, 2020, Plaintiff KTM AG ("Plaintiff or "KTM") filed its Complaint against 250 individuals and entities which owned and operated domain names and online storefronts which utilized numerous ecommerce accounts. *See*, Schedule A, [Dkt. 1]. Plaintiff alleges that all defendants committed trademark infringement, counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*. On November 12, 2020, the Court granted Plaintiff's Motion for a TRO, freezing the defendants' accounts and associated funds. [Dkt. 25]. On December 8, 2020, Plaintiff filed its motion for Entry of a Preliminary Injunction Order that was granted on December 11, 2020. Morriscarcam was offered no opportunity or recourse to reach an amicable resolution with Plaintiff's counsel prior to the entry of the TRO. Ai Hua Decl., ¶ 4.

### III. Alleged "use" of the "KTM" trademark

Plaintiff's claims against Defendant are based on Defendant's listing of a certain aftermarket product, a screenshot of which is attached as Exhibit A and referenced in the Complaint [Dkt. 1, ¶ 18-25]. As can plainly be read from the exhibit, the term KTM appears as follows:

- "2pcs Motorcycle PU Side Saddle Bags **for** Harley Honda Suzuki Kawasaki Yamaha KTM" (emphasis added) [pg. 1].
- "This part is compatible with 638 vehicles(s)." (listing other Honda products) [pg. 2].

(Exhibit A). The foregoing is the basis of Plaintiff's claims against Morriscarcam.

### IV. Argument

#### a. Dismissal under Rule 12(b)(6) is warranted.

As admitted by Plaintiff's Complaint and associated documents, Morriscarcam's "use" of the term KTM is fair, and thus Plaintiff fails to state a claim under the Lanham Act or Illinois law. This warrants dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

#### i. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint. Bonnstetter v. City of Chicago, 811 F.3d 969, 973 (7th Cir. 2016). A complaint must contain enough information via "a short and plain statement of the claim" to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendant's use of a protectable mark is likely to cause confusion among consumers. Phoenix Entm't Partners v. Rumsey, 829 F.3d 817, 822 (7th Cir. 2016). A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. *See*, Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible).

Instead, Plaintiff pleads facts which demonstrate the implausibility of a likelihood of confusion, namely, Defendant's fair use of Plaintiff's mark. 15 U.S.C. § 1115(b)(4); *See* Packman v. Chi Tribune Co., 267 F.3d 628, 639 (7th Cir. 2001) (observing that when no likelihood of consumer confusion exists, the defendants use is often found to be fair use). Statutory fair use will serve as a complete defense to a claim for trademark infringement if the Defendant can show: (i) it did not use the mark as a trademark; (ii) the use is descriptive of its goods; and (iii) it used the mark fairly and in good faith. Packman, 267 F.3d at 639. While fair use is an affirmative defense, the Court may consider an affirmative defense in analyzing a 12(b)(6) motion if the facts necessary to make the determination are evident on the face of the complaint. Hoopla Sports & Entm't, Inc. v. Nike, Inc., 947 F. Supp. 347, 356 (N.D. Ill. 1996), *quoting*, Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984); Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief."). Documents not attached to the complaint may be considered if they are referred to in the complaint, are concededly authentic, and are central to the

plaintiff's claim. Hecker v. Deere & Co., 496 F. Supp. 2d 967, 972 (W.D. Wis. 2007), *aff'd*, 556 F.3d 575 (7th Cir. 2009), *citing*, Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

### ii. Morriscarcam did not use "KTM" as a source identifier.

Morriscarcam's product listing clearly disassociates Morriscarcam products from originating from KTM. (Exhibit A). If a defendant is using other trademarks as source indicators, the action is likely a non-trademark use and therefore fair use. Packman, 267 F.3d at 639-40. Morriscarcam is associating the products with its own distinctive Morriscarcam brand, which appears prominently beneath its product title. (Exhibit A). Morriscarcam expressly identified itself in its Ebay listing, including the product listing title. Id. The Morriscarcam brand plainly signifies that the complained products are sourced from Morriscarcam. As can be read, Morriscarcam did not use "KTM" as a source identifier and instead used its own mark Morriscarcam prominently to identify the source of the product. (Exhibit A).

### iii. Morriscarcam's "use" of the term KTM was just descriptive.

A descriptive term "is one that merely describes the ingredients, qualities, or characteristics of an article of trade or service. Timelines, Inc. v. Facebook, Inc., 938 F. Supp. 2d 781, 793 (N.D. Ill. 2013), *quoting*, Mil-Mar Shoe Co., Inc. v. Shonac Corp., 75 F.3d 1153, 1157 (7th Cir. 1996). Morriscarcam's use of the word "for" the indicated KTM product and clearly displaying that their own brand, Morriscarcam, is the origin of the goods being sold is fair use. Use of the phrase "for" and "compatible with" describe a characteristic of the Morriscarcam product: namely, that it is compatible with KTM products and not, for example, compatible with other brands of motorcycle products. This is plainly a descriptive use of Plaintiff's trademark.

### iv. Morriscarcam's "use" was in good faith.

A party asserting the fair use defense to trademark infringement "must show that it used the plaintiff's mark fairly and in good faith." Sorensen v. WD-40 Co., 792 F.3d 712, 725 (7th Cir. 2015).

Courts may consider the dissimilarity in packaging, labeling, and display of the competing products when assessing good faith by the defendant. SportFuel, Inc. v. PepsiCo, Inc., 932 F.3d 589, 600 (7th Cir. 2019). "Mere knowledge" of the Plaintiff's mark is insufficient to demonstrate bad faith. Id.

It is clear from reviewing Plaintiff and Morriscarcam's online storefronts that the products are labeled and display patterns that are dissimilar to one another. Compare, [Dkt. 1, ¶ 7] with (Exhibit A). Morriscarcam sells its products from an independent online marketplace account that does not bear any semblance or imply any sort of a relationship to Plaintiff's trademark or Plaintiff's business, and expressly identifies itself on the online marketplace. (Exhibit A); See, Packman, 267 F.3d at 642; Ciociola v. Harley-Davidson Inc., 552 F. Supp. 2d 845, 864 (E.D. Wis. 2008), as amended (May 28, 2008) (defendant's use of plaintiff's mark was in good faith where defendant used its own distinctive mark to indicate the product's source, suggesting lack of intent to use plaintiff's mark as a trademark). This removes any likelihood of confusion to consumers that there is some association or sponsorship between Plaintiff and Morriscarcam's products. Accordingly, Morriscarcam descriptively used the term "KTM" in its product title in good faith and Plaintiff does not allege otherwise.

### v. Morriscarcam's "use" of the term KTM, alternatively, was nominative.

Finally, Morriscarcam's "use" of Plaintiff's trademark was plainly nominative.[1] Such a use of Plaintiff's trademark constitutes nominative fair use because it is solely meant to inform consumers

---

[1] District courts have considered nominative fair use defenses at the motion to dismiss stage where the complaint fails to allege mark use beyond nominative fair use. See, e.g., Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 896 (9th Cir. 2019) (affirming dismissal of trademark infringement claims under Rule 12(b)(6) under nominative fair use doctrine); Stevo Design, Inc. v. SBR Mktg. Ltd., 968 F. Supp. 2d 1082, 1090 (D. Nev. Aug. 29, 2013) (granting a motion to dismiss based on the plaintiffs' "failure to allege a trademark use beyond nominative fair use"); Setai Hotel Acquisitions, LLC v. Luxury Rentals Miami Beach, Inc., No. 16-21289-CIV, 2016 WL 7217730, at *3 (S.D. Fla. Dec. 9, 2016) ("Where the pleadings fail to allege use of a mark beyond the fair use…the plaintiff fails to state a claim for which relief can be granted and dismissal without prejudice is appropriate."); Dr. Seuss Enterprises, L.P. v. ComicMix LLC, 256 F. Supp. 3d 1099, 1112 (S.D. Cal. 2017); Pablo Chavez v. British Broad. Corp., No. 17CV9572 (JGK), 2019 WL 2250446,

of its compatibility with Plaintiff's product and does not suggest sponsorship or endorsement by Plaintiff. *See*, Illinois High Sch. Ass'n v. GTE Vantage Inc., 99 F.3d 244, 246 (7th Cir. 1996), as amended (Dec. 3, 1996); Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc., No. 20 C 04711, 2020 WL 7698368, at *2 (N.D. Ill. Dec. 28, 2020) (collecting cases). Borrowing Ninth Circuit analysis, a nominative fair use defense requires that: (i) the product or service in question must be one not readily identifiable without use of the trademark; (ii) only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and (iii) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. New Kids on the Block v. News Am. Pub., Inc., 971 F.2d 302, 308 (9th Cir. 1992); *See*, Ty, Inc. v. Publications Int'l, Ltd., No. 99 C 5565, 2005 WL 464688, at *6 (N.D. Ill. Feb. 25, 2005) ("The New Kids test provides sound criteria for assessing when nominative use is fair or unfair, despite a likelihood of confusion among consumers.").

Morriscarcam provides aftermarket products that are designed to be compatible with products which are sold by Plaintiff. Morriscarcams' use of the word "KTM" in the product listing serves merely to identify to consumers that their products will function with Plaintiff's products. Absent Morriscarcam's utilization, which is scant, of the term KTM, a purchaser would not know whether Morriscarcam's product could be compatible with Plaintiff's product. *See*, Section III, *supra*. Morriscarcam's product listing at issue expressly and plainly identifies Morriscarcam as being the source identifier and does not suggest that Morriscarcam is associated with or sponsored or endorsed by Plaintiff. (Exhibit A).

Plaintiff's Complaint, and documents referenced therein and which are central to Plaintiff's claims against Morriscarcam, admit all of these elements. [Dkt. 1, ¶ 15-20]; (Exhibit A); *Cf.*, Slep-

---

at *5 (S.D.N.Y. May 23, 2019), *reconsideration denied sub nom.* Chavez v. British Broad. Corp., No. 17-CV-9572 (JGK), 2019 WL 4867767 (S.D.N.Y. Sept. 17, 2019).

Tone Entm't Corp. v. Coyne, 41 F. Supp. 3d 707, 718 (N.D. Ill. 2014) ("because the complaint does not admit all the ingredients of the nominative fair use defense, the defense does not provide a basis for a Rule 12(b)(6) dismissal."). Plaintiff's complaint should be dismissed, and the preliminary injunction dissolved.

**b. Defendant should be dismissed pursuant to Rule 21 for being improperly joined.**

"[A] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). Defendant does not own, control, do business with, or otherwise have an association with any other defendant in this case. Ai Hua Decl., ¶ 3. The defendants are clearly being sued together as a way for Plaintiff to save itself time and money. However, this approach is impermissible under Federal Rules. Plaintiff's claims against all defendants should be dismissed, or at least severed.

Though liberally permitted, joinder is appropriate only if: (i) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (ii) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added); Intercon Research Assocs., Ltd. v. Dresser Indus., Inc., 696 F.2d 53 (7th Cir. 1982). Thus, misjoinder occurs when a plaintiff fails to satisfy either of these two requirements. Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).

Defendant points out that Plaintiff filed, within mere days of one another, three (3) separate, identical lawsuits in this district alleging infringement of Plaintiff's trademarks against three separate sets of Schedule A online marketplace defendants. *See*, Case No. 20-cv-6677 TRO entered on November 12, 2020, Dkt. 25; Case No. 20-cv-6743 TRO entered on November 18, 2020 Dkt. 24; and Case No. 20-cv-6713 TRO entered on November 19, 2020 Dkt. 23. The Court will notice that each case involves approximately 250 defendants, however their inclusion in each of the three cases

is largely based on their alphabetization. *See*, Case no. 20-cv-6613 listing "ebay" storefronts largely A-M [Dkt. 1], Case no. 20-cv-6677 listing "ebay" storefronts largely "M-R" [Dkt. 1], and Case no. 20-cv-6743 listing "ebay" storefronts largely "R-Z" [Dkt. 1]. (See collection of each Schedule A Defendants from all three of the above listed cases collected in the attached Exhibit B).

The allegations in the Complaint purporting to establish joinder cannot plausibly result in this coincidence, *i.e.*, that the defendants in this instant case, in addition to being interrelated for the purposes of joinder under Rule 20, just-so-happen to also have stores names which are alphabetically arranged. It is apparent that Plaintiff has done nothing more than crudely divide its larger KTM campaign into three separate lawsuits - ignoring the requirements of Rule 20. *See*, Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A, No. 20-cv-00845 (N.D. Ill. Jun. 22, 2020) (J. Lee) ("Plaintiff must allege specific facts indicating ties between each defendant, including shared, or substantially shared, identifiers that do not encompass a significant portion of either all e-commerce counterfeiters generally or all [plaintiff] counterfeiters specifically.").

Even presuming Plaintiff's claims may involve a common question of law or fact, Plaintiff cannot meet at least the first part of Rule 20(a)(2) that requires "transactional relatedness" of its claims for relief. This court follows the prevailing rule that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed some intellectual property right. *See, e.g.*, Slep-Tone Entm't Corp. v. Roberto, No. 12-CV-5750, 2013 WL 5748896, at *3 (N.D. Ill. Oct. 22, 2013); McDowell v. Morgan Stanley & Co., 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); SB Designs v. Reebok Int'l, Ltd., 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark

does not mean that Plaintiff's claims against them arise out of the same transaction or occurrence."); Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that defendants in patent-infringement case who sold different products and were competitors of one another were improperly joined).

Plaintiff has already identified each defendant's separate, allegedly-infringing acts. [Dkt. 1, ¶ 15-20]; (Exhibit A); [Dkt. 9]. The only core facts that defendants have been alleged to share in common are that they allegedly infringed the same portfolio of trademarks, that their websites allegedly all look alike, and that they allegedly all hail from China. [Dkt 1, ¶¶ 14, 22,].

Where parties are misjoined, such as here, the Court has broad discretion to drop them from the case. DirecTV, Inc. v. Perez, No. 03-CV-3504 2003 WL 22682344 (N.D. Ill. Nov. 12, 2003); *See*, Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir.2000) ("[i]t is within the district court's broad discretion whether to sever a claim under Rule 21."); Aiello v. Kingston, 947 F.2d 834, 835 (7th Cir.1991) ("Fed. R. Civ. P. 21 allows a court to sever claims that are logically distinct…"). If dismissal will not cause harm to either party, then it is an appropriate alternative to severance. Strandlund v. Hawley, 532 F.3d 741, 745 (8th Cir. 2008) ("Both the Third and Seventh Circuits have interpreted Rule 21 to permit dismissals of parties only if they do not cause gratuitous harm to the parties, for the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is just."); Martinez v. Haleas, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010) (dismissing parties where "each of these individual claims require individual fact finding and discovery").

Dismissal of Plaintiff's claims against Morriscarcam will not result in any harm or prejudice to Plaintiff's claims against other defendants for relief in this matter. Courts have found harm against the plaintiff only in instances where a plaintiff would be time-barred from refiling a complaint at the time of dismissal, or where the case has proceeded past the initial pleading stages.

*See*, Martinez; *C.f.*, Elmore, 227 F.3d at 1011 (refusing to dismiss improperly joined defendants because plaintiff would be time-barred from refiling a new complaint). The parties have generally not yet initiated discovery in this action and the Lanham Act does not contain a statute of limitations. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, fn. 15 (2014). Moreover, where the Court has determined that defendants have been misjoined, it is an accepted practice to dismiss the action against *all* defendants. *See*, CP Productions, Inc. v. Does 1- 33, 2011 WL 737761, n. 2 (N.D. Ill. Feb. 24, 2011) ("[i]t would constitute a real stretch of the normal meaning of language for [plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into a single lawsuit."); Future Blue, Inc. v. Does 1- 300, No. 10-cv-6256 Dkt. 65 (N.D. Ill. Jun. 08, 2011). In light of the demonstrably-questionable collecting of defendants in this and other KTM cases, all defendants in the present case, including Morriscarcam, should be either dismissed or severed[2] and the preliminary injunction dissolved.

## V. Conclusion

As is apparent and clear from the Complaint itself, Morriscarcam does not use any marks which are protected by Plaintiff or any third parties in any manner that would likely cause consumer confusion: any use of marks was used to simply identify the compatibility of Defendant's aftermarket products. This "use" by Morriscarcam constitutes a fair use and Plaintiff's claims of infringement have no basis. Plaintiff has additionally failed to properly join Morriscarcam to this action pursuant to Fed. R. Civ. P. 20. Accordingly, this Court should dismiss or at least sever Plaintiff's claims against Morriscarcam.

Dated: January 30, 2021

---

[2] The proper course is to require the opening of separate docket numbers and require filing fees to be paid for each defendant that Plaintiff wishes to continue suing. *See*, Lee v. County of Cook, 635 F.3d 969, 971 (7th Cir. 2011).

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com

*Counsel for Defendant Morriscarcam*