IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE INDIVIDUALS, CORPORATINS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　　　　　Defendants. | Case No.: 1:20-cv-6677<br><br>Judge Martha M Pacold |

## MOTION TO DISMISS AND TO VACATE DEFAULT JUDGEMENT

　　Defendant, eBay Store named **Newlucky_US** identified as defendant No. 43 ("**Newlucky_US**") in the above-captioned case ("Defendant"), through the undersigned counsel, files this Motion to Vacate the Order for Default Judgment. In support of its motion, Defendant states as follows.

BACKGROUND

　　As an ebay.com online store, Defendant sources and sells high-quality aftermarket motorcycle parts on ebay.com, as alternatives to products produced or sold by the Original Equipment Manufacturers (OEMs). In conducting business online, Defendant makes sure such products are legitimate and do not infringe third party intellectual property (including trademarks), and descriptions of such products do not confuse Defendant's customers with products sold by the motorcycles' OEMs.

　　Online counterfeiting cases in this District Court (the "Court") typically follow the same life cycle: plaintiffs file an *ex parte* temporary restraining order, seeking expedited discovery on the defendants' identities as well as a freeze on their online marketplace platforms and

corresponding funds. After the Court grants the temporary restraining order and, usually, an extension for another 14-day period, plaintiffs move for a preliminary injunction, and finally, a default judgment. Along the way, some original defendants are voluntarily dismissed (presumably on the basis of settlements), new defendants may be added, and a default judgment is ultimately entered as to defendants who have not been dismissed from the case. Because the vast majority, if not all, of the defendants are located abroad, the initial proceedings are *ex parte*, and service by electronic means is usually permitted, it is rare for defendants to appear and contest the claims asserted in these cases even if such defendants are properly served.

Here, on behalf of Defendant, we contest Plaintiff's claims and the Court's order for default judgment based on procedure, lack of service, and Defendant's merits on the case. Plaintiff filed this case on November 10, 2020, alleging that hundreds of defendants, including this Defendant, were selling unauthorized, counterfeit products that had allegedly infringed Plaintiff's trademarks on defendants' online stores. On November 18, 2020, this Court granted Plaintiff *ex parte* motion for leave to file the initial pleadings and related documents under seal, motion for a temporary restraining order for fourteen (14) days ("TRO"), allowing for expedited discovery, disabling the marketplace accounts, and freezing funds connected to those accounts. The Court concurrently granted Plaintiff's motion for electronic service of process. The TRO was subsequently extended for an additional fourteen (14) days and later converted to a preliminary injunction. On July 27, 2021, Plaintiff filed a Motion For Entry of Default and Default Judgment against the Defendants Identified in Amended Schedule A, which was granted on August 27, 2021.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default judgement "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Under those rules, a final judgment is void and must be set aside if the court lacked personal jurisdiction or if the party against whom the judgment was entered was not adequately served. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854 (7th Cir. 2016); *see also United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995). Whether to set aside a final judgement is left to the discretion of the district court. *Sun v. Board of Trustees of Univ. of Ill.*,

473 F.3d 799, 810 (7th Cir. 2007). In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

In order to succeed on a motion to dismiss under Rule 12(b)(2) based on lack of personal jurisdiction, the court is required to accept any uncontested jurisdictional facts presented by the defendant as true. *Donmar, Inc. v. Swanky Ptnrs., Inc.*, No. 02 C 1482, 2002 U.S. Dist. LEXIS 15308, at *3 (N.D. Ill. Aug. 19, 2002) (citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)). While all factual disputes must be resolved in the plaintiff's favor, the plaintiff has the burden to establish a prima facie case for personal jurisdiction. *Id.* at *4 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). The court will accept as true all facts in the defendant's affidavits that are not challenged by the plaintiff. *Haemoscope Corp. v. Pentapharm Ag*, 2002 U.S. Dist. LEXIS 23387 (N.D. Ill. Dec. 6, 2002).

## ARGUMENT

Defendant argues that this Court should decide the case based on merits, the default judgement should be set aside pursuant to Federal Rule of Civil Procedure 55(c), the damages granted by the Court in its default judgement are disproportionate to Plaintiff's claims and should be reversed, and Defendant should be dismissed from this case due to the Court's lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or should be allowed to file a counterclaim against Plaintiff for Defendant's significant losses if Defendant so chooses.

**1. The complaint against Defendant should be dismissed due to lack of jurisdiction.**

"When a statute gives no clear indication of an extraterritorial application, it has none." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010). Similarly, state law of Illinois also presumptively lacks extraterritorial reach. *Hirst v. Skywest, Inc.*, 15 C 02036, 2016 WL 2986978, at 8 (N. D. Ill. May 24, 2016). The long-standing rule of construction in Illinois holds that a statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statue. Plaintiff has failed to allege any conduct by Defendant having the required degree of effect on Illinois commerce, and as such the Lanham Act cannot reach Defendant extraterritorially. Defendant did not make any sale of the product Plaintiff alleged to be infringing in the state of Illinois.

Defendant reasonably believes that this Court does not have personal jurisdiction over Defendant. Illinois courts may exercise jurisdiction over a defendant only if authorized both by the United States Constitution and, as applicable, Illinois law. *Am. Bridal & Prom Indus. Ass'n Inc.v. The Partnerships*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016). ""There are two types of personal jurisdiction: general jurisdiction, which exists only when the party's affiliations with Illinois" are so constant and pervasive "as to render [it] essentially at home" here, *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011)); and specific jurisdiction, which is "case-specific" and exists where the defendant has "purposefully directed" its activities at residents of the forum state and where the plaintiffs claim is "linked to the [defendant's] activities or contacts with" Illinois, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Kipp v. Ski Enterprise Corp. of Wis., Inc.*, 783 F.3d 695 (7th Cir.2015), *Am. Bridal & Prom Indus.,* , 192 F. Supp. at 931.

The Lanham Act does not authorize nationwide, much less worldwide service of process. *Am. Bridal & Prom Indus.* at *id*. The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Only proper service vests a district court with personal jurisdiction over a defendant. *Luoxttica Group S.P.A. v. Partnerships & Unincorporated*, 391 F. Supp. 3d, 816, 821 (7th Cir. 2019). Defendant sells products through its own eBay online store to customers. However, as stated in a sworn declaration from Defendant, Defendant did not sell to Illinois any product Plaintiff alleged to be infringing Plaintiff's trademarks and in fact only sold one single piece of the product to a customer in the European country of Croatia. *See* Declaration of Sizi Wen ("Wen Declaration" appended as Exhibit A) at ¶ 5. Such a single sale to a European customer does not give the Court proper jurisdiction. *Watchworks, Inc. v. Total Time, Inc.*, No. 01 C 5711, 2002 U.S. Dist. LEXIS 4491 (N.D. Ill. Mar. 19, 2002) (holding that the plaintiff lacked jurisdiction over defendant since defendant only made two sales in the forum state, one of which was to the plaintiff's investigator). As such, Defendant has no ties to the State of Illinois that would permit the Court to exercise personal jurisdiction over Defendant.

Additionally, this Court has rulings for lack of jurisdiction in similar cases. *See, e.g., Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A,"* 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) (finding no personal jurisdiction where foreign Defendant

owned and operated eBay storefronts); *Rubik's Brand, Ltd. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A,"* No. 20-cv-5338 (N.D. Ill. Mar. 4, 2021) (holding that maintaining an interactive website that was accessible in Illinois does not confer personal jurisdiction); and *General Tools & Instruments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule 'A,'* Case No. 20-cv-1036 (N.D. Ill. May. 17, 2021) (determining that, because the defendant was not domiciled nor incorporated in Illinois and did not target any marketing efforts to Illinois customers, that the court lacked jurisdiction). As such, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), or Defendant should be allowed to file counterclaim against Plaintiff for Defendant's significant loss resulted from Plaintiff's ill-faith and meritless claims against Defendant.

**2. The default judgment against Defendant should be vacated because Defendant has meritorious defenses to Plaintiff's claims.**

Federal Rules of Civil Procedure Rule 55(c) provides: "For good cause shown the court may set aside an entry of default. . . ." and "[d]amages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). The Sims Court stated that the "good cause" refers to "good cause" for the judicial action, not "good cause" for the defendant's error. *Id.*

"In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

Although precedent states that "courts must have at their disposal the sanction of dismissal in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not" (*Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224 (7th Cir. 1983), affirming District Court's order dismissing plaintiff's case for failure to prosecute after repeated failures on plaintiff's part to secure counsel), the Court also finds that in general, in the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. *See, e.g. Sims*, 475 F.3d 865 (finding that district court judge did not abuse his discretion in "concluding that entry of default

would be overkill"); *Sun v. The Bd. of Trustees of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) ("Although a district court has the default judgment 'readily available within its arsenal of sanctions,'" *id*. at 1206, it is a weapon of last resort, appropriate when a party willfully disregards pending litigation."); *Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986) (overturning district court's decision refusing to vacate default judgment based on a lack of evidence that defendant deliberately and willfully disregarded the court's orders); *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc*., 211 F.R.D. 356 (S.D. Ill. 2002) (finding that although defendant made only a weak showing of good cause, he had acted quickly and had a meritorious defense). "In many ordinary cases resulting in default judgments, the defaulted parties were given various chances and warned; but, when they persisted in being unresponsive, they were then properly defaulted. The present case is not such a clear example of a continuing disregard for the litigation." *Bieganek*, 802 F.2d at 882. "When it appears, as here, that there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided." *Id*.

Here, Defendant did not act in willful disregard of the Court. In fact, Defendant has never been served with the Complaint or Motion for Default Judgment by the Plaintiff since Plaintiff filed this case in November 2020.

Despite Defendant's representative's numerous attempts since January 2021 to obtain Plaintiff's "evidence" to support Plaintiff's allegation that Defendant's product infringed Plaintiff's trademarks, Plaintiff did not cooperate and provide such "evidence" to Defendant's representative until September 2, 2021, after the Court's entry of the default judgment. From the time of filing the lawsuit in November 2020, Plaintiff has appeared not interested in resolving the lawsuit in good faith or on merits and instead content with abusing legal process administered by the Court against Defendant, a foreign entity over which the Court lacks personal jurisdiction.

Further, Defendant denies infringing Plaintiff's trademarks and assets meritorious defenses to Plaintiff's claims. Plaintiff alleged that Defendant had infringed Plaintiff's trademarks by including the word "KTM" in Defendant's product description which reads "1190 Adventure & R Adv Front Lamp Geadlight Guards Protector Cover **For** KTM" (emphasis added.) Defendant submits that Defendant's use of the word "KTM" after "for" is a nominative fair use that does not cause confusion among consumers and does not constitute infringement of Plaintiff's trademarks.

Lastly, there has been no sale of Defendant's product at issue in the state of Illinois. *See* Wen Declaration, ¶ 5. With no sale of the allegedly infringing product made to Illinois, a default judgement amount of over $10,000 is unfair to Defendant and unjustly enriched Plaintiff based on meritless claims. In fact, as a result of the default judgment, Defendant not only suffered the loss of over $10,000 but also severe reputational damage that cannot be measured by money.

Here, Defendant has met all three requirements for setting aside the default judgment. Further, Defendant maintains that Defendant can show good cause for setting aside the entry of default because Defendant did not act in bad faith or in conscious disregard for the Court; that Defendant acted quickly and has caused no prejudice to Plaintiff and that it has a meritorious defense to Plaintiff's allegations. As a result, the default judgement should be vacated pursuant to Federal Rule of Civil Procedure 55(c).

**3. This Court has established precedent in granting such Motion in Similar Cases**

This Court has granted defendant's motions to vacate default judgements in cases with the same or similar facts, including (1) lack of personal jurisdiction due to lack of sale of product at issue to residents in the State of Illinois; (2) the same Plaintiff failed to serve either the Complaint or its motion to enter default and default judgment against defendants; and (3) defendant's product at issue did not infringe Plaintiff's trademark. An example of such order by this Court granting defendants' motions to vacate default judgments in Case No.: 1:20-cv-06743 is appended as Exhibit B.

## CONCLUSION

For the reasons set forth above, Defendant eBay Store named **Newlucky_US** respectfully requests that the Court vacate the Order for Default Judgment under Fed. R. Civ. P. 55 as to Defendant and that the Court require Plaintiff to return to Defendant funds that have been unjustly transferred from Defendant's PayPal account to Plaintiff.

DATED April 15, 2022                                  Respectfully submitted,

                                                             /s/ Weisun Rao
                                                             Weisun Rao
                                                             Attorney for Defendant Newlucky_US
                                                             Venture Partner, LLC
                                                             401 N. Michigan Ave.

Suite 1200
Chicago, IL 60611
Tel: 312-840-8228
rao@venturepartner.law
Attorney Reg. No. 6287158